Argued and submitted November 16, 2011, affirmed October 24, 2012

Anita L. CHERRY,
*Petitioner*,

*v.*

DEPARTMENT OF EDUCATION,
*Respondent.*

Superintendent of Public Instruction
58105300061009; A146526

289 P3d 344

Patrick N. Bryant argued the cause for petitioner. With him on the opening brief were Elizabeth A. McKanna and McKanna Bishop Joffe & Arms, LLP. With him on the reply brief was McKanna Bishop Joffe & Arms, LLP.

Inge D. Wells, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Walters, Judge pro tempore.

ARMSTRONG, P. J.

**ARMSTRONG, P. J.**

Petitioner seeks judicial review of a final order of the Department of Education that revoked petitioner's certificate to operate a school bus, raising five assignments of error. We reject petitioner's second and third assignments of error without discussion. Because we conclude that petitioner has failed to establish that the department erred in revoking her certificate, we affirm.

Petitioner worked as a school bus driver for the Grants Pass School District. While she was on medical leave from work, she smoked marijuana. Four days later, she reported for work and drove her assigned morning bus route. After completing her route, she was selected for a random drug test and tested positive for marijuana. Based on the drug-test results, the department notified her that, pursuant to OAR 581-053-0006(9)(a),[1] it intended to revoke her school bus driver's certificate. Petitioner responded by requesting a contested case hearing to challenge the department's proposed revocation of her certificate.

At the hearing, a representative of the department testified that, on previous occasions, the department had discontinued revocation proceedings against drivers who had tested positive for a controlled substance if the school districts that employed them had a second-chance policy. The representative explained that, under a second-chance policy, the driver goes through a substance-abuse program and, after completing the program, is subject to periodic random drug-testing. The representative further explained that petitioner's employer did not have a second-chance policy and the department took that into consideration in pursuing revocation of petitioner's certificate.

Petitioner argued at the hearing that she had not violated any state or federal rules applicable to her as a

---

[1] Since this case was submitted, the department has repealed OAR 581-053-0006. *See* 51 Or Bull 138 (July 1, 2012). Therefore, all references in this opinion to OAR 581-053-0006 are to *former* OAR 581-053-0006 (8/4/04), which was in effect when the department revoked petitioner's certificate. *Former* OAR 581-053-0006(9)(a) (8/4/04) provided that the department "may refuse, suspend or revoke the certificate of a school bus driver for * * * failure to comply with laws, rules and regulations applicable to school bus drivers."

school bus driver and that, consequently, the agency could not revoke her certificate under OAR 581-053-0006(9)(a). Specifically, she contended that the applicable federal rules only prohibit a driver from using, possessing, or being under the influence of marijuana while on duty. According to petitioner, her positive drug test did not establish that she had done any of those things. Hence, the department had failed to prove that she had violated any federal rules applicable to school bus drivers.

After the hearing, the department issued a proposed order revoking petitioner's certificate. Petitioner filed objections to the proposed order, contending, among other things, that the department's decision was arbitrary and capricious. She reasoned that drivers who are employed by districts that have a second-chance policy are allowed to retain their certificates, notwithstanding a positive drug test, while drivers who are employed by districts that lack such a policy will have their certificates revoked. According to petitioner, the department had failed to provide an adequate justification for the difference in treatment between petitioner and drivers whose employers have a second-chance policy.

The department issued a final order in which it concluded that it "must revoke" petitioner's certificate because she had failed to comply with federal rules applicable to school bus drivers. The department concluded that petitioner had violated 49 CFR § 382.213(a) by ingesting marijuana four days before she reported for duty and had violated 49 CFR § 382.215 by testing positive for marijuana while on duty.

The department rejected petitioner's contention that it had failed to adequately justify its decision to treat drivers who work for school districts that have a second-chance policy differently from drivers who do not. The department explained that, when a driver violates federal rules that prohibit drivers of commercial motor vehicles from using controlled substances, the driver may nonetheless return to duty if the driver participates in an employer-sponsored program under which the driver undergoes a substance-abuse evaluation and proceeds through an education and

treatment program. The department concluded that its decision to revoke petitioner's certificate was consistent with the federal rules that provide for such a return-to-duty process and with the decision by petitioner's school district not to provide such a program for its drivers.

Petitioner seeks review of the department's final order. We address each of her remaining assignments of error. In her first assignment of error, petitioner contends that the department erred in concluding that she had violated federal rules that impose testing requirements for controlled substances and prohibitions against their use by commercial drivers. She focuses her argument on what behavior constitutes the "use" of a controlled substance for purposes of the state and federal rules.

In addition to concluding that petitioner had used marijuana in violation of 49 CFR § 382.213(a), the department also concluded that petitioner had violated 49 CFR § 382.215 by testing positive for marijuana. Petitioner's challenge to the latter conclusion is limited to her contention that the department's finding that she had tested positive for marijuana is not supported by substantial evidence. Specifically, she contends that there was no evidence in the record that the drug test that was administered to her met federal requirements for such tests and, hence, there is no evidence to support a finding that she had tested positive for marijuana in violation of federal rules.

In order to preserve an argument for review, the petitioner must provide the agency with an explanation of the petitioner's objection that is specific enough to ensure that the agency can identify and correct the error, if correction is warranted. *Read v. Oregon Medical Board*, 244 Or App 603, 612, 260 P3d 771 (2011), *rev den*, 351 Or 649 (2012). Petitioner did not challenge at her contested case hearing the factual bases for the department's conclusion that she had violated 49 CFR § 382.215 by testing positive for marijuana. Hence, her argument that the department failed to prove that she had tested positive for marijuana is unpreserved. Other than her unpreserved evidentiary challenge to the department's conclusion that she had violated 49 CFR § 382.215 by testing positive for marijuana, petitioner has

not otherwise challenged that conclusion. Consequently, we reject petitioner's argument that the department erred in concluding that she had violated a federal rule applicable to school bus drivers.

In petitioner's fifth assignment of error, she contends that the department has a certificate-revocation policy that distinguishes between drivers employed by districts that have a second-chance policy and those employed by districts that do not have such a policy and that such a distinction is arbitrary and capricious. In light of our standard of review, *see* ORS 183.482(8)(b), we understand petitioner's argument to be that the distinction among drivers that the department makes is outside the range of the department's delegated discretion.

The nature of the department's policy is unclear from the record and the department's final order. We will assume, for the sake of our analysis, that the department has a policy of discontinuing revocation proceedings when a school bus driver who has violated the applicable federal rules on controlled substances is employed by a district that has a second-chance policy.

We are not persuaded that the department's policy is outside the range of its delegated discretion. OAR 581-053-0006(9)(a) does not require the department to revoke a school bus driver's certificate when the driver violates an applicable rule, but, instead, gives the department the authority to revoke the driver's certificate. *See Industrial Customers of Northwest Utilities v. PUC*, 240 Or App 147, 164, 246 P3d 1151 (2010). Because the rule gives the department discretion whether to revoke a driver's certificate for a rule violation, petitioner must identify a relevant constraint on the department's exercise of that discretion. She has failed to do that. In particular, she has failed to explain how the policy that the department has implemented, *viz.*, one that distinguishes between drivers based on whether they are employed by a school district that has a second-chance policy, is outside of the department's discretion under OAR 581-053-0006(9)(a).

In arguing that the department's policy is arbitrary and capricious, petitioner also contends that the policy is an exercise of discretion that is "[i]nconsistent with an agency

rule, an officially stated agency position, or a prior agency practice[.]" ORS 183.482(8)(b)(B). However, petitioner has not identified an agency rule, position, or prior practice with which the policy is inconsistent. Her complaint is that the department's policy treats her differently from school bus drivers whose employers have a second-chance policy. But that difference in treatment does not, standing alone, establish that the department has improperly exercised its discretion.

Finally, in her fourth assignment of error, petitioner contends that the agency erred in concluding that it "must" revoke her school bus driver's certificate. Specifically, petitioner contends that OAR 581-058-0006(9)(a) is permissive and does not require the department to revoke a school bus driver's certificate when the driver violates an applicable rule. Hence, the department erred in concluding that it was required to revoke petitioner's certificate.

Petitioner is correct that OAR 581-058-0006(9)(a) does not require the department to revoke a school bus driver's certificate when the driver violates a state or federal rule applicable to school bus drivers. However, we do not understand the department's order to reflect a misunderstanding on that point; rather, we understand it to respond to the challenges that petitioner raised at the contested case hearing. The challenge that petitioner raised to the department's exercise of discretion was a challenge to the department's policy to discontinue revocation proceedings for drivers whose employers have a second-chance policy. Petitioner did not ask the department to suspend rather than to revoke her certificate if the department otherwise rejected her challenges to its proposed revocation order.

In that light, we understand the department to have concluded in its final order that it "must" revoke petitioner's certificate not because OAR 581-058-0006(9)(a) required the department to take that action but because revocation is consistent with the department's policy of revoking a driver's certificate when the driver is not employed by a school district with a second-chance policy. Because petitioner did not ask the department to suspend her certificate rather than revoke it, the department had no

reason to explain why it chose to revoke rather than suspend petitioner's certificate for her violation of the rules on the use of controlled substances. Instead, the department's final order is framed to address the argument that petitioner did make, *viz.*, that the department's policy of discontinuing revocation proceedings for drivers whose employers have a second-chance policy is arbitrary and capricious. We therefore reject petitioner's fourth assignment.

Affirmed.